1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald ANDERSON, Plaintiff-Appellant,
v.
Richard GERSBACHER, et al., Defendants-Appellees.
 No. 93-1065.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1993.
 
 E.D.Mich., No. 91-77139; Weeds, J.
 
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: GUY and NELSON, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 4
 Ronald Anderson appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking monetary relief, Anderson sued numerous Michigan correctional personnel in their individual capacity. Anderson alleged that the defendants violated his due process, access to courts, and First Amendment religious rights when they misplaced some of Anderson's personal papers. The magistrate judge recommended granting the defendants' motion for summary judgment. Anderson filed timely objections to the magistrate judge's report.** The district court adopted the magistrate judge's report and dismissed the case. Anderson has filed a timely appeal.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. There is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Anderson has not established a procedural due process violation because the deprivation of his property could not have been anticipated by state authorities and adequate state remedies are available to redress the wrong. See generally Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). Further, the defendants' actions in this case did not violate Anderson's access to court rights, see generally Bounds v. Smith, 430 U.S. 817, 824-25 (1977), or his First Amendment religious rights, see generally O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-49 (1987).
 
 
 7
 Accordingly, we affirm the judgment for the reasons set forth in the district court's order filed on December 16, 1992, and for those set forth in the magistrate judge's report and recommendation filed on October 26, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 **
 We note that the district court's order adopting the magistrate judge's report and recommendation erroneously notes that the plaintiff filed no objections to the report and recommendation. Anderson did file objections to the magistrate judge's report and recommendation. However, we have reviewed these objections and conclude that they are without merit